FILED

2014 FEB 21 AM 11:49

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY ______

Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ATIKE KING,<br><br>Plaintiff,<br>v.<br><br>CMRE FINANCIAL SERVICES, INC.<br><br>Defendant. | **Case No.: SACV14-00258 DOC (RNBx)**<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;**<br>**2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET. SEQ.**<br>**3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

ATIKE KING ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CMRE FINANCIAL SERVICES, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA,") and the Rosenthal Fair Debt Collection Practices Act, cal. Civ. Code §1788, *et. seq.* ("RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Huntington Beach, California.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C.

§1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant is a corporation specializing in debt collection with its principal place of business located at 3075 E. Imperial Hwy. #200, Brea, California 92821.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

11. The alleged debt originated from a medical bill from Huntington Beach Hospital, and arose out of transactions which were primarily for personal, family, or household purposes.

12. Throughout March 2013, Defendant's representatives placed repeated harassing debt collection calls to Plaintiff's cellular telephone.

13. Defendant's harassing debt collection calls derived from number

(714) 528-3200. The undersigned has confirmed that these numbers belong to Defendant.

14. Defendant regularly called Plaintiff, even after Plaintiff indicated she was disputing the alleged debt.

15. Once told that the debt was disputed, there was no purpose for subsequent calls by Defendant except for the purposes of harassment.

16. Defendant also immediately called Plaintiff back after she discontinued the call by hanging up the phone.

17. Once Plaintiff discontinued the call, there was no purpose for an immediate return call by Defendant except for the purposes of harassment.

18. Defendant also contacted Plaintiff's ex-husband and informed him of the alleged debt.

19. Upon information and belief, many calls were placed to Plaintiff's cellular phone by a computer autodialer, and the use of a pre-recorded or artificial voice was often employed.

20. Defendant's telephone calls were not for "emergency purposes," as that terms is referenced in 47 U.S.C. §227(b)(1)(A).

21. Finally, on March 13, 2013, Defendant sent a writing to Plaintiff regarding the alleged debt. The writing failed to sufficiently set forth her rights pursuant to the FDCPA.

22. Further, the writing included attempts to collect additional amounts, including interest.

23. Defendant's actions as described herein were made with the intent to harass, deceive and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED § 1692c(b) OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Section 1692c(b) of the FDCPA prohibits debt collectors from communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

25. Defendant violated § 1692c(b) of the FDCPA when it communicated with Plaintiff's ex-husband regarding Plaintiff's alleged debt.

**COUNT II**
**DEFENDANT VIOLATED § 1692d OF THE FAIR DEBT COLLECTION PRACTICES ACT**

26. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

27. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after she informed Defendant that she disputed the alleged debt and when it engaged in other harassing or abusive conduct.

**COUNT III**
**DEFENDANT VIOLATED § 1692d(5) OF THE FAIR DEBT COLLECTION PRACTICES ACT**

28. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number..

29. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff, including immediately calling Plaintiff back after Plaintiff had terminated the communication by hanging the phone.

**COUNT IV**
**DEFENDANT VIOLATED §§ 1692e, 1692e(2)(A), and 1692e(10) OF THE FAIR DEBT COLLECTION PRACTICES ACT**

30. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the

collection of any debt.

31. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from falsely representing the character, amount or legal status of any debt.

32. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

33. Defendant violated §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA when it represented that it could collect interest that was not agreed to and when it made other deceptive, false and misleading representations.

**COUNT V**
**DEFENDANT VIOLATED § 1692f OF THE FAIR DEBT COLLECTION PRACTICES ACT**

34. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

35. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after she informed the Defendant she disputed the debt, when it failed to provide Plaintiff with written information sufficiently setting forth her rights pursuant to the FDCPA, attempted to collect additional charges, including interest, and when it engaged in other unfair conduct.

**COUNT VI**
**DEFENDANT VIOLATED § 1692f(1) OF THE FAIR DEBT COLLECTION PRACTICES ACT**

36. Section 1692f(1) of the FDCPA prohibits debt collectors from collecting any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

37. Defendant violated § 1692f(1) of the FDCPA when it attempted to collect additional charges, including interest.

**COUNT VI**
**DEFENDANT VIOLATED § 1692g(a) OF THE FAIR DEBT COLLECTION PRACTICES ACT**

38. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, the manner in which to dispute the debt, and that if the debt is disputed, that the debt collector will obtain verification of the debt, and will provide information to Plaintiff on how to dispute the debt.

39. Defendant violated § 1692g(a) of the FDCPA when it failed to

provide written notification or any information in writing to Plaintiff in regards to how to dispute the debt or obtain verification of the debt, in violation of the FDCPA.

**COUNT VII**
**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

40. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

41. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

42. Defendant repeatedly placed non-emergency calls to Plaintiff without Plaintiff's consent.

43. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

44. Here, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff using a pre-recorded or artificial voice.

45. Defendant did not have Plaintiff's express consent prior to contacting her using an automatic telephone dialing system or pre-recorded or artificial voice.

46. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

## COUNT VIII
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

47. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

48. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, ATIKE KING, respectfully prays for a judgment as follows:

a. Actual Damages;
b. Statutory damages;
c. Reasonable attorney's fees and costs;
d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ATIKE KING, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 2/17/2014

KIMMEL & SILVERMAN, P.C..

By: ____________________

Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: abennecoff@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge Cormac J. Carney and the assigned Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

**SACV14-00258 DOC (RNBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 21, 2014
Date

By Nancy Boehme
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☒ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ATIKE KING | CMRE FINANCIAL SERVICES, INC. |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) AMY L. BENNECOFF, ESQ., KIMMEL & SILVERMAN, P.C. 30 East Butler Avenue, Ambler, PA 19003 (215)540-8888; abennecoff@creditlaw.com | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES -** For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $**________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1692k

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☑ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: **SACV14-00258 DOC (RNBx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ______ **Date** 2/17/2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |